Ewing, C. J.
We are not to presume that the Court of Common Pleas erred. The party wishing to set aside the judgment must shew the error. The court dismissed the appeal; but do not set out their reasons for so doing, nor is it necessary they should; they need only enter the j udgment, and the party moving to set it aside must shew it to have been erroneous, either upon the record or by matter dehors. No error is shewn to us in the Court of Common Pleas, in dismissing the appeal. But it is said that there was error before .the justice. We are all of opinion, that when the Court of Common Pleas has dismissed an appeal, we cannot look into the proceedings of the justice; because, if this could be the case, the party might bring his appeal and suffer it dismissed, and then bring a certiorari simply to review the proceedings of the justice, and thereby defeat the act prohibiting a certiorari to remove directly the judgment of the justice. The motion to reverse the present judgment must therefore be refused.
Scott then applied for a rule upon the Court of Common Pleas, to certify the reason for which the appeal was dismissed.
Ewing, C. J. The application is entirely too late. The plaintiff has thought proper to move the certiorari, and an argument and decision have taken place.